## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Tony Underwood<br>and<br>Patricia Underwood | § § § § | |
| Petitioners, | § § | CIVIL ACTION NO. 4:25-cv-2089 |
| v. | § § | |
| Harris County, a.k.a. Harris<br>County Sherriff's Office<br>and<br>City of Houston, a.k.a. Houston<br>Police Department | § § § § § § | |
| Respondents. | § | |

---

### AMENDED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §§ 2254 and 2241
### AND
### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983

---

Petitioner, Tony Underwood, and next of kin, his mother, Patricia Underwood, file this Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. §§ 2241 and 2254. Additionally, tony Underwood asserts that under the current conditions that their First, Fifth, Sixth, Eighth, and Fourteen Amendment Rights have either been or are actively and intentionally being violated by the Respondents. Additionally, Patricia Underwood asserts claims for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 for ongoing violations of her First and Fourteenth Amendment rights.

This action seeks to remedy the unconstitutional conditions of confinement and ongoing constitutional violations arising from Tony Underwood's pretrial detention by state actors Harris County (a.k.a. Harris County Sheriff's Office), located at 1001 Preston St., Suite #500, Houston, Texas 77002, and the City of Houston (HPD) located at 901 Bagby, Houston, Texas 77002. Petitioner presents to the Court as follows:

## I. <u>INTRODUCTION</u>

Petitioner, Tony Underwood ("Petitioner" or "Tony Underwood") is a 37-year-old Houston area native and citizen of the United States currently held in a secured medical facility as a pretrial detainee, following life-threatening injuries inflicted during an encounter with law enforcement. He was shot in the back while face down on the ground by a Houston Police Department Officer, Palin. He has sustained catastrophic trauma resulting in quadriplegia and remains on life support. He is currently dependent on a respirator and other life-sustaining machines. He slips in and out of consciousness and is unable to speak due to the respirator and likely as a result of prolonged intubation. He has required resuscitation twice, most recently just a few days ago on May 29, 2025, although his mother was not informed until nearly twenty-four hours later, on April 30, 2025. (See Exhibit A – Patricia Underwood's Affidavit). Apparently, the notification came from Tony's court appointed attorney via a text message to Ms. Underwood.

Although Tony is now a pretrial detainee, his ongoing confinement within a hospital setting under law enforcement control continues to deprive him of critical constitutional protections. Namely, the leadership of the Houston Police Department from April 30,

2025, through on or about May 18, 2025, AND the Harris County Sheriff's Department from on or about May 18, 2025, to the present. He's being discriminated against for being injured in the hospital. If he were not injured in the hospital, he would be eligible to receive visits from counsel and his family. He has been denied access to legal counsel of his choice, family, and religious pastoral support. Although two criminal defense attorneys and one civil rights attorney have been engaged, only the court-appointed criminal defense attorney, Attorney Tim Donahue, has had limited access to Mr. Underwood.

Patricia Underwood, Tony's mother and legal next of kin, brings this Petition also on the grounds that her individual constitutional rights under the First and Fourteenth Amendments are being independently violated. She has been categorically denied access to her son despite his extreme limited capacity, and at times incapacitation, and medical fragility. The limited communication from the hospital during major health crises has been thin at best, leaving his family in the dark during critical moments. For example, on May 25, 2025, the hospital called Ms. Underwood to obtain consent for lifesaving procedure to drain fluid from Tony's lungs. Since that call no update has been provided to Ms. Underwood regarding the procedure or Tony's recovery status. Also, on May 29, 2025, Tony suffered a code-clue health crisis and Ms. Underwood has yet to be contacted by the hospital regarding this event. As Tony's condition is permanent and he is now quadriplegic, the denial of familial contact is an ongoing infringement of her protected liberty interest in familial association, in addition exclusion from participation in medical decisions.

## II.  JURISDICTION

This action arises under the Constitution and laws of the United States. This Court has jurisdiction under 28 U.S.C. § 2241; Art. I, § 9, cl. 2 of the United States Constitution (Suspension Clause); 28 U.S.C. § 2254; 28 U.S.C. § 1331; and 42 U.S.C. § 1983. Petitioner Tony Underwood is presently in custody under color of state law, and such custody is in violation of the Constitution and laws of the United States. Patricia Underwood brings an independent claim for declaratory and injunctive relief under 42 U.S.C. § 1983 based on the ongoing deprivation of her Fourteenth Amendment rights to familial association and meaningful participation in medical decision-making.

This Court has subject-matter jurisdiction over claims under the federal habeas statutes because Petitioner is in custody pursuant to governmental action in violation of federal law. Additionally, the Court has jurisdiction over Patricia Underwood's constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), which confer original jurisdiction over actions to redress the deprivation of civil rights under color of state law.

Although federal courts are generally precluded from handling probate matters, this case is distinguishable as it involves habeas corpus relief and constitutional violations arising from custodial detention and related access restrictions, not adjudications that would imply the invalidity of a conviction or sentence under *Heck v. Humphrey*, 512 U.S. 477 (1994). This Court may grant relief pursuant to 28 U.S.C. § 2241(c)(3), 28 U.S.C. § 2254(a), and the All-Writs Act, 28 U.S.C. § 1651.

### III. VENUE

Venue lies in the United States District Court for the Southern District of Texas, the judicial district where Petitioner currently is in custody.

### IV. PARTIES

Petitioner, Tony Underwood, is a 37-year-old pretrial detainee currently held in medical confinement under the authority of the Respondents. He brings this habeas action pursuant to 28 U.S.C. §§ 2241 and 2254, seeking immediate judicial review of the legality and conditions of his custody.

Petitioner, Patricia Underwood, is the mother and legal next of kin of Tony Underwood. She asserts independent claims under 42 U.S.C. § 1983 for ongoing violations of her constitutional right to familial association and meaningful participation in medical decisions affecting her son.

Respondent, City of Houston, a.k.a. Houston Police Department, had custody of Tony Underwood from April 30, 2025, until on or about May 18, 2025, at which point custodial responsibility was transferred to Harris County.

Respondent, Harris County, a.k.a. Harris County Sheriff's Office, located at 1001 Preston St., Suite #500, Houston, Texas 77002, is a governmental entity and law enforcement agency participating in the custody, control, and enforcement actions following the transfer of custody from the City of Houston involving Petitioner Tony Underwood during his pretrial detention.

### V. FACTS

1. Tony Underwood is a 37-year-old man who was placed in the custody of a secured

hospital facility after being shot in the back by Houston Police Officer, Officer Palin.

2. On the evening of Wednesday, April 30, 2025, Tony Underwood was pursued via vehicle, then on foot, by Houston Police Department Officers during an alleged criminal activity.

3. This pursuit ended in Officer Palin, a Houston Police Department Officer, shooting Tony Underwood in the back.

4. Tony Underwood's injuries are of such grave and life-threatening severity that he remains on life support. The shooting has rendered him a quadriplegic and currently dependent on a respirator and other life-sustaining machines.

5. It is alleged that Tony slips in and out of consciousness. Also, Tony is unable to speak due to the respirator and likely the result of prolonged intubation.

6. Tony is currently housed in a hospital facility (Ben Taub Hospital) but held under the supervision and authority of Harris County as a pretrial detainee.

7. He has been denied meaningful access to legal counsel. Two criminal defense attorneys and one civil rights attorney have been retained, but only the court-appointed attorney, Tim Donahue, has had limited access.

8. Tony has also been denied access to his family and pastoral support.

9. His mother, Patricia Underwood, ***has repeatedly sought to visit him in person but has been denied access.***

10. She has received ***no meaningful nor regular updates about her son's medical status***, despite his critical condition and ongoing procedures.

11. Communication from the hospital has been sparse, even during major health crises,

leaving her in the dark during urgent developments. ***The most recent example occurred on or about May 29, 2025,*** Tony suffered a life-threatening medical crisis, coded blue, yet she was not informed by the hospital. It is alleged that a "friend of the family" because aware because of her employment and/or association with the Underwood family and communicated as such to them. The family then called Attorney Donahue, which he was aware and the crisis and did confirm this information regarding Tony's life-threatening medical crisis.

12. It should be noted that Ben Taub Hospital staff have only reached out for consent to perform life-saving interventions, excluding her from participating in broader decisions about her son's care. They did not contact her for this most recent code blue medical crisis and this is true for at least one other previous code blue events.

13. These access restrictions and failures to communicate deprive Patricia Underwood of her protected Fourteenth Amendment rights to familial association and informed participation in the care of her child.

14. On May 7, 2025, Patricia visited the Houston Police Department Headquarters and was informed that access to Tony remained restricted, despite a prior, mutually recorded phone call (May 2, 2025) from the Houston Police Department, ***Lead Detective Walker stating to Counsel that that the Houston Police Department was not denying access***.

15. On May 8, 2025, after the family was rejected and turned away at the Houston Police Department Headquarters, Detective Walker called Counsel again, this time stating that he "misspoke". This call was also recorded (both parties were aware of the recording).

16. On May 12, 2025, Attorney U.A. Lewis filed a petition in the Harris County Civil

District Court requesting a temporary restraining order in the matter styled *Underwood v. Harris County*, No. 202533807 (164th Dist. Ct., Harris County, Tex.), seeking the same access that is now at issue in this matter.

17. On May 14, 2025, Counsel for Petitioners contacted the federal court's Case Manager for the Honorable Judge Keith P. Ellison to request a hearing on this matter, which had been set for May 15, 2025.

18. On May 15, 2025, Counsel again contacted the federal court's Case Manager and requested a pause in proceedings pending the outcome of the TRO hearing in Harris County District Court.

19. On May 15, 2025, at a hearing in the *Underwood v. Harris County*, No. 202533807 (164th Dist. Ct., Harris County, Tex.) matter, the Honorable Court "passed" (See Exhibit B – Harris County District Court - TRO "Pass") because the court maintained that they did not have jurisdiction on the matter because there were live criminal proceedings pending against Tony Underwood.

20. It was then the County District Court's judge disclosed to Attorney U. A. Lewis, and Counsel hearing the same because she was present in the courtroom for observation, that (1) there was an active criminal matter pending against Tony Underwood; (2) that charges had been filed against Tony; and, (3) that the matter was not on the public viewing side of the Harris Couty District Courts website but rather was docketed on a system called DEEDS, an District Electronic Examination Docketing System.

21. The case had been concealed within the restricted DEEDS docketing, which is accessible only to legislatively approved individuals, obstructing retained counsels'

ability to enter an appearance or seek relief in the related criminal proceeding.

22. Further, the Harris County District Court Judge shared with Attorney U.A. Lewis the name of the court appointed criminal defense counsel – Attorney Tim Donahue.

23. This was information learned 15 days after Tony was shot. Not one official contacted Ms. Underwood, Tony's mother and next of kin, (1) regarding Tony's criminal proceedings; (2) that there was a court appointed defense counsel; and (3) the court appointed attorney, Tim Donahue did not know that Ms. Underwood was Tony's next of kin.

24. Both Counsel and Attorney U.A. Lewis researched and located Attorney Donahue's contact information and called him.

25. It was after this contact that both Attorney Lewis and Counsel then came to learn that Honorable Judge Unger of the 248th Criminal Court, Harris County District Court, presiding over Tony Underwood's criminal matters, set Tony's bonds and that the total bond amounts set for the three charges pending against Tony were initially assessed against an aggregated amount of $425,000.00. The bonds have since been reduced to the aggregated amount of $275,000.00.

26. Sometime between the conclusion of the May 15, 2025 hearing and May 16, 2025 Tony Underwood's matter magically appeared on the public facing Harris Couty District Court's website and Attorney U.A. Lewis appeared as Criminal Defense Counsel (Exhibit C - Bonds) for one of the three pending charges against Tony.

27. On May 19, 2025, criminal defense attorney, Attorney Tim Donahue petitioned the Harris County Criminal District Court in Cause Nos. 191455291919 and

191455491919 — *The State of Texas v. Underwood, Tony* for familial access. The court issued orders permitting Ms. Patricia Underwood, Tony Dewayne Underwood Jr. (Tony's son), and Shregal Underwood Williams "***access*** and ***opportunity to speak in private*** with Tony Underwood." Attorney Donahue provided a copy of the orders to Ms. Underwood. (See Exhibit D – Access Orders & Exhibit E – Denied Until Further Notice)

28. Immediately thereafter, Ms. Underwood, Tony Jr., and Ms. Williams traveled to Ben Taub Hospital. They were initially turned away at the hospital, then recalled back into the building as they were leaving, allegedly by Ben Taub/Harris Health System Security Director, Mr. Steve Brown, only to be made to sit and wait.

29. Ultimately, Harris County deputies and hospital security denied the family access. Ms. Underwood was heartbroken.

30. It appears that sometime between Ms. Underwood leaving the County Courthouse and her arrival at Ben Taub Hospital, the Honorable Judge Unger of the 248th Criminal Court, Harris County District Court, presiding over Tony Underwood's criminal matters, rescinded the Orders with a stamp indicating the Order was "Denied pending further notice." No explanation was offered to Ms. Underwood.

31. Meanwhile, ***on May 20, 2025***, Harris County Sheriff's Office Deputy Chaplin N. Young facilitated a video call between Ms. Underwood and Tony. ***This was the first time that Ms. Underwood was able to literally put her eyes on Tony since the April 30, 2025, shooting.***

32. Post the video call, Deputy Chaplin Young stated to Ms. Underwood that she would try

to schedule weekly video calls between Ms. Underwood and Tony. (See Exhibit A – Affidavit of Patricia Underwood)

33. Alas, since May 20, 2025, Deputy Chaplin Young has not been in contact, nor any such representative, since May 20, 2025, to follow through.

34. As of the filing of this *Amended Petition*, Tony and his mother, Ms. Patricia Underwood have not been physically connected during this extreme medical crisis as her son lies in a hospital bed alone, fighting for his life without comfort from his mother, sons, spiritual advisors, or other family.

## VI. **PROCEDURAL HISTORY**

35. Petitioner realleges and incorporates all previous sections and all previous paragraphs of this *Amended Petition.*

36. In this matter, the Habeas Petition was filed on May 8, 2025; Summonses issued on May 12, 2025 and returned on May 14, 2025.

37. Counsel requested a hearing on May 14, 2025 with a response setting the hearing on May 15, 2025. Counsel requested a pause in the anticipation that matters would be resolved either in the Harris County District Court (Criminal) 248th or in the Civil Proceedings in the 164th. Neither Courts have resolved the matter and furthered the constitutional violations of both Tony Underwood and Patricia Underwood.

38. The now viewable criminal charges and their procedural status against Tony Underwood, only recently uncovered 15 days after Tony was shot (May 15, 2025), form the foundation of this case and illustrate a troubling pattern of concealment and obstruction by the Respondents. This case arises from a deeply disturbing series of

actions taken by the Respondents that have effectively foreclosed Tony and Patricia Underwood's ability to access due process, familial contact, and meaningful legal recourse.

39. On May 12, 2025, Attorney U.A. Lewis filed a petition in Harris County Civil District Court in the matter styled Underwood v. Harris County, No. 202533807 (164th Dist. Ct., Harris County, Tex.), seeking a temporary restraining order to compel familial access.

40. On May 15, 2025, the Harris County Civil District Court declined jurisdiction, citing ongoing criminal proceedings against Tony Underwood.

41. That same day, Counsel had contacted the Case Manager for the Honorable Judge Keith P. Ellison in the United States District Court for the Southern District of Texas, requesting that the federal matter be held in abeyance pending the outcome of the state court hearing. Unfortunately, the outcome was negative because the Harris County Civil District Court did not have jurisdiction.

42. This Amended Petition and Complaint incorporates all subsequent developments and violations occurring through June 1, 2025, including the revocation of previously granted visitation orders by the 248th Criminal District Court, the continued denial of access, and the sustained interference by Respondents with Tony and Patricia Underwood's constitutional rights.

### *Criminal and Civil Case Summary Chart:*

| Case No. | Style | Court | Filing Date | Charge / Matter |
|---|---|---|---|---|
| 191455201010 | The State of Texas vs. Underwood, Tony | 248th Crim. Ct. | 05/01/2025 | Aggravated Assault Against a Public Servant |
| 191455401010 | The State of Texas vs. Underwood, Tony | 248th Crim. Ct. | 05/01/2025 | Unlawful Carry of a Weapon w/ Felony Conviction |
| 191455501010 | The State of Texas vs. Underwood, Tony | 248th Crim. Ct. | 05/01/2025 | Evading Arrest/Detention w/ Vehicle |
| 202533807 | Underwood, Tony vs. Harris County | 164th Civ. Ct. | 05/12/2025 | Civil TRO – Access and Injunctive Relief |

### *Case No. 191455201010 Detailed Orders:*

- 05/01/25: Complaint filed; State's Motion for Bond Conditions; Motion to Deny Bail.
- 05/02/25: Probable Cause Found.
- 05/05/25: Order Appointing Counsel; Order Permitting Access to Counsel.
- 05/06/25: Bail Order; Order Permitting Access to Defendant for Examination; Order Requiring GPS Prior to Release.
- 05/19/25: Bail Order; Order Denying Family Access; Order Sealing Other Documents.
- 05/20/25: Motion to Approve Funds for Defense Investigator.
- 05/21/25: Order Granting Funds for Investigator.

### *Case No. 191455401010 Detailed Orders:*

- 05/01/25: Complaint filed; State's Motion for Bond Conditions; Motion to Deny Bail.
- 05/05/25: Order Appointing Counsel; Order Permitting Access to Counsel.
- 05/06/25: Bail Order; Order Permitting Access to Defendant for Examination.
- 05/19/25: Bail Order; Order Permitting Family Access to Defendant; Additional Order Denying Access; Order Sealing Document.
- 05/20/25: Motion to Approve Funds for Defense Investigator.

### *Case No. 191455501010 Detailed Orders:*

- 05/01/25: Complaint filed; State's Motion for Bond Conditions; Motion to Deny Bail.
- 05/05/25: Order Appointing Counsel; Order Permitting Access to Counsel.
- 05/06/25: Bail Order; Order Permitting Access to Defendant for Examination.
- 05/16/25: Emergency Motion for Attorney and Parent Visitation filed; Emergency Order Granting Access.

- 05/19/25: Order Permitting Access to Counsel; Order Permitting Family Access.
- 05/30/25: Joint Motion to Substitute Counsel and Proposed Order Filed.

***Case No. 202533807 (Civil TRO) Activity Summary:***
- 05/12/25: Plaintiff's Original Petition, Proposed TRO, and Statement of Inability Filed.
- 05/14/25: Declaration Filed.
- 05/19/25: Deputy Reporter Statement Filed.

## VII. THE VIOLATIONS OF TONY UNDERWOOD'S CONSTITUTIONAL RIGHTS

43. Petitioner realleges and incorporates all previous sections and all previous paragraphs of this *Amended Petition.*

44. Petitioner Tony Underwood asserts that the following constitutional violations have occurred as a result of his treatment and the conditions of his confinement:

### A. Violation of Tony Underwood's Fourteenth Amendment Rights – Substantive Due Process.

By subjecting Tony Underwood to prolonged isolation, denying access to counsel, and failing to provide communication or humane treatment during his medical crisis, Respondents have deprived him of his substantive due process rights. See *Wolfish v. Bell*, 441 U.S. 520, 545 (1979), affirming that pretrial detainees retain rights not to be punished prior to an adjudication of guilt and are ***entitled to reasonable access to family, legal counsel, and outside communication***; *Turner v. Safley*, 482 U.S. 78, 89–90 (1987), setting a standard of balancing applies to restrictions on constitutional rights of those in custody (***including association***); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (establishing that due process ***protects pretrial detainees from objectively unreasonable restrictions***).

**B. Violation of Tony Underwood's First and Fourteenth Amendment Rights –
Access to Counsel and Courts.**

Tony has been denied access to Civil Rights counsel and has only had limited
access to Criminal Defense counsel. This deprivation inhibits his ability to seek
redress or participate in his own defense. See *Procunier v. Martinez*, 416 U.S. 396,
419 (1974), recognizing the right to communicate with counsel under the First and
Fourteenth Amendments.

**C. Violation of Tony Underwood's Sixth Amendment Rights – Right to Counsel.**

As a pretrial detainee, Tony is entitled to the effective assistance of counsel
in his criminal matters. ***Limiting access to only the court-appointed attorney*** and
obstructing communication undermines this right. See *Gideon v. Wainwright*, 372
U.S. 335, 343 (1963); *Powell v. Alabama*, 287 U.S. 45, 68–69 (1932).

**D. Violation of Tony Underwood's Fourteenth Amendment Rights – Familial
Association.**

Respondents' blanket denial of access to Tony's mother, who is also his
legal next of kin, infringes on both their rights to familial association. See *Troxel
v. Granville*, 530 U.S. 57, 65 (2000); *Overton v. Bazzetta*, 539 U.S. 126, 131–32
(2003).

**E. Violation of Tony Underwood's First Amendment Rights – Free Exercise of
Religion.**

By denying Tony access to the pastoral or spiritual advisor of his and his
family's choosing, Respondents have infringed upon his First Amendment rights to

free exercise of religion.  The **Constitution does not merely guarantee access to a state-assigned chaplain but protects the individual's right to religious counsel aligned with their personal faith**. See *Walker v. Blackwell*, 411 F.2d 23, 25–26 (5th Cir. 1969); *McCollum v. Board of Education*, 333 U.S. 203, 212 (1948).

## F. Violation of Tony Underwood's Eighth and Fourteenth Amendment Rights – Conditions of Confinement.

Although the Eighth Amendment typically applies to convicted prisoners, the Fourteenth Amendment provides equivalent protections to pretrial detainees. The conditions under which Tony is held – isolated, critically injured, denied access and communication, and inadequately represented – constitute punitive and unconstitutional treatment without adjudication of guilt. See *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

## G. Violation of Tony Underwood's Procedural Due Process – Purpose of Pretrial Bond.

Pretrial bonds exist to ensure a defendant's appearance at trial, not to inflict punishment or justify restrictions on fundamental liberties.  Tony's bonds have been reduced and judicially acknowledged, yet he remains effectively inaccessible to his family and counsel.  This frustrates the purpose of bond and results in de facto punishment in violation of procedural due process. See *United States v. Salerno*, 481 U.S. 739, 750 (1987) (upholding bond conditions only when narrowly tailored to compelling government interests).  Given Tony's quadriplegia, he will be in the same place today, tomorrow, next week, and next month, until the State transfers

him to another facility. The constitutional guarantee that a detainee will "appear" for proceedings is not undermined by the fact that Tony is physically unable to flee or move about freely.

45. Petitioner respectfully seeks injunctive and declaratory relief to remedy these violations and to prevent future harm.

## VIII.   THE VIOLATIONS OF PATRICIA UNDERWOOD'S CONSTITUTIONAL RIGHTS

46. Petitioner realleges and incorporates all previous sections and all previous paragraphs of this *Amended Petition.*

### A. Violation of Patricia Underwood's Fourteenth Amendment Rights – Substantive Due Process (Familial Association).

Patricia Underwood, as the mother and legal next of kin of Tony Underwood, possesses a fundamental liberty interest in the care, custody, companionship, and control of her son. The State's denial of access to her critically injured son, despite his medical incapacitation and ongoing trauma, constitutes an unjustified and arbitrary intrusion upon her familial rights. See *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Overton v. Bazzetta*, 539 U.S. 126, 131–32 (2003).

### B.      Violation of Patricia Underwood's Fourteenth Amendment Rights – Procedural Due Process.

Ms. Underwood was never notified that her son had been charged, that a criminal proceeding had been initiated, or that he had been appointed a public defender. The absence of notice, opportunity to be heard, or meaningful participation in medical or

legal matters involving her son deprives her of procedural due process under the Fourteenth Amendment. Especially given Tony's fragile and grave medical condition and the slew of life-saving interventions that have been implemented to sustain Tony's life. The *Mathews* balancing test requires weighing the private interest affected, the risk of erroneous deprivation through current procedures, and the government's interest.

Here, Ms. Underwood's compelling interest in her son's life and care, coupled with the complete lack of notice and opportunity to be heard, far outweigh any asserted governmental justification. See *Mathews v. Eldridge, 424 U.S. 319, 333 (1976)*

## C. Violation of Patricia Underwood's Fourteenth Amendment Rights – Right to Participate in Medical Decision-Making.

Although hospital staff intermittently contacted Ms. Underwood for consent to high-risk medical procedures, she has been excluded from broader decision-making concerning Tony's care and has not been informed of urgent medical events, including multiple Code Blue crises. The State's continued concealment and obstruction of information violates her protected liberty interest as next of kin. See *Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 281–82 (1990).

## D. Violation of Patricia Underwood's First Amendment Rights – Right to Familial and Emotional Support.

The denial of any in-person visitation, even after court authorization and then abruptly and quickly retracted, has deprived Ms. Underwood of her right to provide emotional and spiritual comfort to her son. Such sustained governmental interference

with deeply rooted familial bonds violates the freedom of association under the First Amendment. See *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618–19 (1984). (holding that choices to enter into and maintain certain intimate human relationships are a fundamental element of personal liberty protected by the First Amendment; such protection extends to familial relationships, ***including the right to maintain close and enduring bonds between parent and child***. The denial of in-person visitation by Ms. Underwood in regards to her son, Tony, must be carefully scrutinized because the state actors are ***infringing upon her fundamental rights without sufficient justification***.

47. Petitioner Patricia Underwood respectfully requests declaratory and injunctive relief to redress these constitutional violations and to secure immediate access to her son and his ongoing care.

## IX. CONCLUSION

What the Respondents have done here is not merely bureaucratic failure, it is constitutional betrayal. The City of Houston AND the Harris County Sheriff's Office have weaponized institutional procedure to strip a paralyzed, critically injured pretrial detainee of access to his lawyers, his mother, and his faith. This is not how a civilized government behaves. It is not how any government bound by the Constitution may behave.

Their actions have been marked by obfuscation, concealment, and an alarming disregard for the gravity of Tony Underwood's condition and the humanity of his family. The concealed court docket. The secreted appointment of counsel without notification to his mother, who is next of kin. The rescission of a judge's own visitation order without notice or explanation, just a stamp stating, "denied until further notice".

One can scarcely fathom the hope surging through a mother clutching court orders affirming her right to see her quadriplegic, paralyzed son, only to be turned away at the threshold, her dignity dismissed, and her son left alone. These are not the hallmarks of a system operating in good faith, they are the symptoms of a system weaponized to frustrate access to justice and accountability.

Patricia Underwood, a mother, has been forced to fight through layers of official indifference and institutional gatekeeping just to see her son, her paralyzed son, on a video screen. Only ONE time since April 30, 2025. Even that limited contact has now been denied without explanation or follow-up. The idea that the State may withhold human connection, legal advocacy, and spiritual support from a suffering, immobilized man defies not only law, but conscience.

This Court must send a clear message: constitutional rights do not vanish behind hospital walls, and a badge does not confer the power to isolate, silence, and strip a family of dignity and access. Petitioners urge this Court to exercise the full weight of its equitable and habeas authority to redress these grave wrongs, and to make plain that this conduct will not be tolerated under the United States Constitution.

## X.    PRAYER FOR RELIEF

**WHEREFORE**, Petitioners Tony Underwood and Patricia Underwood respectfully request that this Court:

1. ***Issue a Writ of Habeas Corpus*** pursuant to 28 U.S.C. §§ 2241 and 2254, directing the immediate correction of unlawful and unconstitutional conditions of confinement affecting Tony Underwood and ordering that he be provided access to:

a) All retained and appointed legal counsel, including immediate and confidential attorney-client communication, without interference by Respondents;

b) Immediate and sustained in-person visitation with his mother, Patricia Underwood, and other designated family members, consistent with his critical medical condition and immobility;

c) Spiritual or pastoral support from an advisor of Tony's choosing—not merely one "available" through institutional convenience; and,

d) Open and prompt channels of communication with next of kin regarding all aspects of his medical condition, including immediate notification of any life-threatening or deteriorating changes in status.

2. Declare that the denial of legal counsel, familial access, and pastoral support during Tony Underwood's critical, life-threatening confinement violates his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. Declare that Patricia Underwood's liberty interest in familial association and medical decision-making has been unlawfully and egregiously violated by Respondents, in contravention of her rights under the First and Fourteenth Amendments.

4. Enter injunctive relief ordering Respondents to cease all blanket restrictions on Patricia Underwood's access to her son, and further:

a) Require real-time notification to Patricia of any changes to her son's medical condition;

b) Require facilitation of scheduled in-person visitation and video communication

during all phases of confinement;

    **c)** Prohibit arbitrary, discretionary, or retaliatory denial of her access.

5. ***Set aside, declare void, or enjoin the enforcement of the May 19, 2025, markings and actions by the Honorable Judge of the 248th Criminal District Court*** – "denied pending further notice" – which were executed without transparency, justification, or procedural due process and have caused irreparable constitutional harm.

6. Order that ***no future restrictions*** on in-person visitation, legal access, or medical communication affecting either Petitioner may be imposed without:

    **a)** Judicial review;

    **b)** Prior notice to retained counsel; and,

    **c)** An opportunity to be heard.

7. Issue any additional declaratory or injunctive relief as necessary to safeguard the constitutional rights at stake and to remedy the extraordinary, ongoing deprivation imposed by the Respondents.

8. Award Petitioners costs, attorneys' fees, and other relief deemed just and proper under 42 U.S.C. § 1988.

Respondents have acted with deliberate indifference and willful disregard for the constitutional and human rights of Tony Underwood and Patricia Underwood. This Court's intervention is not only appropriate, it is urgently required.

    Respectfully Submitted,

    */s/Courtney A. Vincent*
    **Courtney A. Vincent**
    Minnesota Bar No. 0403083

Admitted:
**U.S. District Court, Southern District of Texas**
SDTX Bar No. 3746531
[info@vincentlawpllc.com](mailto:info@vincentlawpllc.com)
VINCENT LAW, PLLC
1035 Dairy Ashford, Suite 145
Houston, Texas  77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas  77094
Tel: (713) 223-9300
Fax: (832)603-4444
**COUNSEL FOR PETITIONERS**

### Declaration on Petitioner's behalf pursuant to 28 U.S.C. Section 1746 and 28 U.S.C. § 2242

I, Courtney A. Vincent, am submitting this verification on behalf of the Petitioners because I am one of Tony Underwood's attorney and Ms. Patricia Underwood's attorney.  I have personal knowledge of the facts contained herein.  I have discussed with the Petitioner's mother the events described in this Petition.  Further, she executed an affidavit emphasizing the denial of accesses to her son, Tony Underwood since April 30, 2025.  On the basis of discussions with Ms. Underwood and the contents of her affidavit, I hereby verify that the statements made in the attached *Petition for Writ of Habeas Corpus* are true and correct to the best of my knowledge/opinion.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  06/01/2025          /s/ *Courtney A. Vincent*
                            Courtney A. Vincent
                            **Counsel for Petitioners**

**Tony Underwood and Patricia Underwood**