# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TONY UNDERWOOD, § | | |
|     *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:25-CV-2089 | |
| § | | |
| HARRIS COUNTY a.k.a HARRIS § | JURY DEMAND | |
| HEALTH SYSTEM, a.k.a BEN TAUB § | | |
| HOSPITAL, and CITY OF HOUSTON § | | |
| a.k.a HOUSTON POLICE § | | |
| DEPARTMENT, § | | |
|     *Defendants.* § | | |

## HARRIS COUNTY'S MOTION TO DISMISS

Harris County files this motion to dismiss under Rules 12(b)(1) and (b)(6) in this federal habeas action and will show the court the following:

### I. BACKGROUND

1. Tony Underwood was recently shot by Houston Police. He was arrested and bond was given. *State of Texas v. Tony DeWayne Underwood*, Cause No. 1914552, 248th Criminal Court, Judge Hilary Unger. He is charged with aggravated assault of a public servant. All of this is public record. See **Exhibits 1 and 2**.

2. He is currently in Ben Taub Hospital being treated for his wounds. His family is complaining of a lack of access to him and have fashioned this as a due process violation.

3. He has been appointed a criminal defense attorney, Mr. Timothy Donohue.

4. He is not in the Harris County jail and is not being treated by Harris Health.

5. He is under guard at the hospital with two Harris County deputies, who are governed by the attached criminal court order, signed on May 19, 2025. Exhibit 1. The judge has denied access to the family.

6. Earlier this month, another lawyer, Ms. UA Lewis, filed a habeas petition in <u>state civil court</u>. It was dismissed because the <u>civil</u> court lacked jurisdiction. Ms. Lewis went to the criminal court where Mr. Underwood's charges are pending, and the judge denied the habeas request. **Exhibit 1**.

7. Now, a third lawyer, Ms. Courtney Vincent, has essentially the same habeas action in federal court, even though only the criminal court has jurisdiction.

8. The family's remedy remains in the criminal court where Underwood's charges are pending. But in truth, this is not a habeas proceeding.

## II. ANALYSIS

9. Underwood generally alleges he has not been charged. He has. That he has not been given bond. He has. See **Exhibit 2**. He has a criminal attorney, Mr. Donahue.

10. Further, this court lacks jurisdiction; it belongs to the criminal court. Further, Harris County and its deputies are governed by the court's order denying access. The family's remedy is to return to criminal court and seek access. Relatedly, the court has a motion to dismiss Ben Taub and Harris Health. DE 14.

11. Again, there is no factual basis to assert that Mr. Underwood is not properly detained: he was charged and been given a $150,000 bond by Judge Unger. **Exhibits 1** and **2**. This is not really a habeas issue; only an issue that Mr. Underwood's family has not been allowed to see him.

Habeas is defined this way:

> In our own system the Suspension Clause is designed to protect against these cyclical abuses. The Clause protects the rights of the detained by a means consistent with the essential design of the Constitution. It ensures that, except during periods of formal suspension, the Judiciary will have a time-tested device, the writ, to maintain the "delicate balance of governance" that is itself the surest safeguard of liberty. See *Hamdi,* 542 U.S., at 536, 124 S.Ct. 2633 (plurality opinion). The Clause protects the rights of the detained by affirming the duty and authority of the Judiciary to call the jailer to account. See *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) **("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody");** cf. *In re Jackson,* 15 Mich. 417, 439–440 (1867) (Cooley, J., concurring) ("The important fact to be observed in regard to the mode of procedure upon this [habeas] writ is, that it is directed to, and served upon, not the person confined, but his jailer"). The separation-of-powers doctrine, and the history that influenced its design, therefore must inform the reach and purpose of the Suspension Clause.

*Boumediene v. Bush*, 553 U.S. 723, 745–46, 128 S. Ct. 2229, 2247, 171 L. Ed. 2d 41 (2008), *judgment entered*, No. 07A1011, 2008 WL 11579668 (U.S. June 19, 2008).

12. This federal filing is not an attack on the legality of Mr. Underwood's custody; just that they have not gotten access. He has been charged, he has a criminal lawyer, and he has been given bond. Again, the family is not without remedy; it lies with the criminal court where Mr. Underwood's charges are pending. Until the court changes its order – to the extent Harris County is his jailer as he recovers in the hospital – the deputies must abide by it. The court should dismiss this writ and Harris County.

Date: June 2, 2025.

    Respectfully submitted,

    **CHRISTIAN D. MENEFEE**
    HARRIS COUNTY ATTORNEY

    **JONATHAN G. C. FOMBONNE**

DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By: */s/ Suzanne Bradley*
**SUZANNE BRADLEY**
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 00793375
Fed. Bar No. 24567
Tel: (713) 274-5330 (direct)
Suzanne.Bradley@harriscountytx.gov

**FRANK FORD**
Assistant County Attorney
ATTORNEY TO BE NOTICED
Federal ID No. 565385
State Bar No. 24012642
Tel: (832) 570-7582 (direct)
Frank.Ford@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5330 (direct)

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, on June 2, 2025, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Suzanne Bradley*
Suzanne Bradley