IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tony Underwood § | | |
| and § | | |
| Patricia Underwood § | | |
| § | | |
| Petitioners, § | CIVIL ACTION NO. 4:25-cv-2089 | |
| § | | |
| v. § | | |
| § | | |
| Harris County, a.k.a. Harris § | | |
| County Sherriff's Office § | | |
| and § | | |
| City of Houston, a.k.a. Houston § | | |
| Police Department § | | |
| § | | |
| Respondents. § | | |

**PETITIONERS' RESPONSE TO HARRIS COUNTY'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THE COURT:

Petitioners Tony DeWayne Underwood and Patricia Underwood respectfully submit this Response in Opposition to Harris County's Motion to Dismiss and, in support thereof, state as follows:

### I.   INTRODUCTION

Harris County's Motion to Dismiss rests on a narrow mischaracterization of this habeas action. Contrary to the County's assertion, this petition is *not a collateral request for visitation*; it is a constitutional challenge to the conditions and legality of Mr. Underwood's confinement under state custody. He remains ventilator-dependent and

Page 1

quadriplegic, under constant armed guard by Harris County deputies, and wholly isolated from legal counsel and next of kin since April 30, 2025.

Harris County falsely contends that Petitioner's counsel, UA Lewis, "filed a habeas petition in civil court" and that "it was dismissed." This is patently false. The proceeding filed in Harris County Civil Court was not a habeas petition, but an emergency request for injunctive relief to permit Mr. Underwood's mother to access him while hospitalized and unconscious, at a time when no formal charges had been filed ***nor any information available*** about the reason for his detainment. See Exhibit C – *Original Petition and Emergency Motion for Temporary Restraining Order and Injunctive Relief Pending Resolution of Haebeas Corpus*. The Harris County Civil Court Judge informed counsel and the family, for the first time, that a single charge for evading arrest had been filed, with a bond set at $25,000. Mr. Underwood's mother expressed relief, believing she could afford that amount, and see her son. Only after that hearing did it become apparent that two additional charges had been filed with unreachably high bonds, effectively foreclosing any opportunity for release or visitation.

That the County continues to deny access while claiming this Court lacks jurisdiction reflects not only a misunderstanding of federal habeas jurisprudence, but also a disturbing indifference to the constitutional rights of both Mr. Underwood and his family. The rights of Mr. Underwood's mother, Patricia Underwood, have also been violated by this blanket denial of contact with her critically injured son. This is not a collateral visitation dispute, **it is a Constitutional Crisis.**

The writ is properly before this Court. The motion to dismiss should be denied.

## II.    REBUTTAL TO HARRIS COUNTY'S "BACKGROUND" NARRATIVE

### A. Custody Is Ongoing and Constitutionally Infirm and Mr. Underwood is Classified as a Jail Inmate.

Mr. Underwood remains in full state custody. Although bond has been set, it has not been posted and remains unattainable. He is confined to a bed at Ben Taub, under continuous armed guard by Harris County deputies, while suffering from quadriplegia and respiratory dependency. The mere presence of bond does not defeat the fact of custody under *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Contrary to Harris County's assertion that Mr. Underwood is "not in the Harris County jail" and "not being treated by Harris Health," the public records of the Harris County District Clerk and Harris County Jail Inmate Search explicitly list Mr. Underwood as "in jail custody." See Exhibit A – *Charge showing Tony Underwood is in "Jail"*. Furthermore, the County admits that he is under 24-hour guard by Harris County deputies while hospitalized at Ben Taub Hospital, establishing functional custody under Sheriff Ed Gonzalez. Identification and clearance by a metal detector, and property search required to visit. Under Harris County's rationale none of the hundreds of inmates that are housed in the private for-profit prison, LaSalle are *NOT* in Harris County custody either.

Further, the Ben Taub hospital floor where Mr. Underwood is located is under the control of the Harris County sheriff's office. Ben Taub is a Harris County hospital. See Exhibit B – *Showing Harris County/Harris Health Systems/Ben Taub Association*.[1]

---

[1] Source Exhibit B,
https://www.harrishealth.org/SiteCollectionDocuments/financials/Harris%20County%20Hospital%20District%20Single%20Audit%20Report%20Final%202022.pdf#search=audits

Page 3

Further, the Ben Taub hospital floor where Mr. Underwood is located is under the control of the Harris County Sheriff's Office. Regardless of Mr. Underwood's physical detention confinement location, he is without question in the custody of Sheriff Ed Gonzalez.

**B. Access Has Been Systematically and Unconstitutionally Denied.**

Mr. Underwood has been held in prolonged, uninterrupted isolation since April 30, 2025. With the sole exception of a single video call on May 21, during which he was unable to speak due to prior intubation and ventilator use, no in-person contact has been permitted with his family or legal counsel. He mouthed the words "water" and "help me" to his mother.

Only his appointed criminal defense attorney, Mr. Timothy Donahue, has been granted access. The two other attorneys of record, Ms. Lewis (who previously filed a habeas petition in state court) and undersigned counsel, have been categorically denied all access, including confidential communication or physical presence. Defense counsel Ms. Lewis and undersigned civil rights counsel have been summarily denied all access to Mr. Underwood. Only Mr. Donahue has had the ability to visit and place his eyes on Mr. Underwood.

At the outset of his representation, Mr. Donahue was not even aware that Patricia Underwood was Tony Underwood's next of kin, despite the Houston Police Department ("HPD") having been informed through direct communication between the family and HPD Detective Walker. HPD could, and should, have relayed that critical information to Mr. Donahue, particularly given the severity of Mr. Underwood's medical condition. The

refusal to permit access by other attorneys of record, combined with this failure to communicate critical next-of-kin information, has eliminated any opportunity for meaningful attorney-client consultation regarding his confinement, medical condition, bond status, or defense strategy. This wholesale denial of counsel violates Mr. Underwood's Sixth Amendment rights. The total *denial of access has also deprived Patricia Underwood of her rights to familial association and informed participation in her son's care and legal defense*, protections secured by the Fourteenth Amendment.

### C. The Constitutional Violations Span from City to County Custody.

Mr. Underwood was originally seized and detained by the City of Houston, whose officers initiated the denial of access to family, counsel, and clergy. Those violations continued, unbroken, when custody transferred to Harris County, whose deputies now serve as Mr. Underwood's jailers under the guise of hospital security. This is a continuous constitutional injury with joint responsibility.

In addition, Harris County exercises effective control over the Harris Health System and its facilities, including Ben Taub Hospital, through a nine-member Board of Trustees appointed by the Harris County Commissioners Court. The Harris Health System, established under Chapter 281 of the Texas Health and Safety Code, is a governmental agency of Harris County, making the County directly responsible for policies and operations at the facility where Mr. Underwood remains confined. Harris County is not a passive actor, it has structural, financial, and administrative authority over Ben Taub Hospital and is thus accountable for the conditions of custody occurring therein.

Moreover, the City's efforts to "secret" Mr. Underwood's criminal proceedings from

public view via the restricted DEEDS docket system, coupled with the Harris County District Attorney's Office's participation, are deeply troubling. This tactic has deprived the family of basic access to case information and court oversight. It reflects a broader pattern of concealment that frustrates transparency, accountability, and due process. These attempts to obscure Mr. Underwood's legal status from both his family and the public only compound the constitutional violations at the heart of this habeas petition.

Indeed, the case did not appear on the Harris County District Clerk's public-facing docket system until on or about May 15, 2025. This deliberate delay in transparency prevented Mr. Underwood's family, legal counsel, and the public from accessing even basic information about his charges or case status, compounding the deprivation of meaningful participation and legal oversight noted throughout this action.

### III.   LEGAL ANALYSIS AND FEDERAL JURISDICTION

Federal habeas relief under 28 U.S.C. § 2241 is specifically available to challenge unconstitutional pretrial confinement, including when the petitioner has not yet been convicted. See *Jones v. Cunningham*, 371 U.S. 236, 238–40 (1963); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The State's ongoing control over Mr. Underwood, without access to counsel, family, or religious support, plainly falls within that jurisdiction.

*The County's repeated assertion that this is "not really a habeas case" ignores the central purpose of the writ: to challenge unlawful detention and **deprivation of constitutional rights while in custody.*** The fact that only appointed counsel has been allowed access, while other attorneys of record have been entirely barred, underscores the

severity of the constitutional violations and the need for urgent federal review.

Further, the live amended habeas petition, DKT #18, currently before this Court is the ***first and only*** formal habeas filing concerning the legality of Mr. Underwood's ongoing confinement and the writ of habeas of corpus is not limited to attacking the technical legality of detention, but extends to cases where detention is excessive, arbitrary, or violates fundamental rights, including access to counsel and family.

The criminal court and this court have concurrent jurisdiction. Harris County provides no authority to support its contention that this Court lacks jurisdiction, because it does not.

The state criminal court has not adjudicated any habeas proceedings, nor has the family received any notice of hearing or ruling on the merits. The family has only received an order granting access to their son which was later rescinded after an apparent ex parte hearing before the criminal court judge. The family did not receive notice and promptly made their way to the hospital with the order only to be denied once they arrived based on the rescinded order denying the order they had in hand.

As of today, the only thing keeping Mr. Underwood from his mother, and medical surrogate is money. He is not a flight risk nor a threat to the community nor has the county stated how he could be in any way that a GPS monitor would not resolve.

## IV.  <u>CONCLUSION</u>

Tony Underwood remains confined by the State, unbonded, under guard, suffering from quadriplegia, and cut off from counsel, family, and public scrutiny. The lone video

interaction on May 21, 2025, during which he was unable to speak, does not cure the systemic deprivation of rights that has occurred since April 30, 2025.

From the City's concealment of proceedings using the restricted DEEDS filing system to their denial of in-person access, then the continued County's denial of in-person access, this is not lawful pretrial detention, it is a continuing, unconstitutional confinement.

The writ is properly before this Court. The motion to dismiss should be denied.

06/03/2025                                         Respectfully Submitted,
                                                   */s/Courtney A. Vincent*
                                                   **Courtney A. Vincent**
                                                   Minnesota Bar No. 0403083
                                                   Admitted: **U.S. District Court,**
                                                   **Southern District of Texas**
                                                   SDTX Bar No. 3746531
                                                   info@vincentlawpllc.com
                                                   VINCENT LAW, PLLC
                                                   1035 Dairy Ashford, Suite 145
                                                   Houston, Texas  77079
                                                   **Mailing Address:**
                                                   P.O. Box 940129
                                                   Houston, Texas  77094
                                                   Tel: (713) 223-9300
                                                   Fax: (832)603-4444
                                                   **COUNSEL FOR PETITIONERS**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon to the Counsel listed below for this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties. Alternatively, this instrument may be served via e-mail and/or facsimile transmission, or certified mail, return-receipt

requested for those counsel who have not made a formal appearance in this matter.

        Respectfully Submitted,

        */s/Courtney A. Vincent*
        **Counsel for Plaintiff**

**Suzanne Bradley**
Harris County Attorney's Office
1019 Congress
15th Floor
Houston, TX 77002
713-274-5330
Email: Suzanne.Bradley@harriscountytx.gov

**Ms. Christy Lynn Martin**
City of Houston Office of City Attorney
900 Bagby St
Houston, TX 77002-2527
832-393-6438 \
Email: christy.martin@houstontx.gov