**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TONY UNDERWOOD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-CV-2089** |
| | § | |
| **HARRIS COUNTY a.k.a HARRIS** | § | **JURY DEMAND** |
| **HEALTH SYSTEM, a.k.a BEN TAUB** | § | |
| **HOSPITAL, and CITY OF HOUSTON** | § | |
| **a.k.a HOUSTON POLICE DEPARTMENT,** | § | |
| *Defendants.* | § | |
| | § | |

**HARRIS COUNTY'S RESPONSE TO PLAINTIFFS' RULE 25(a)(1) MOTION FOR
SUBSTITUTION PARTIES, LEAVE TO AMEND COMPLAINT, AND EXTENSION OF
TIME TO RESPOND TO OR TO MOOT
DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Harris County files this Response to Docket Entry 36 (DE 36) (Plaintiff's Rule 25(a)(1) Motion for Substitution Parties, Leave to Amend Complaint, and Extension of Time to Respond to or to Moot Defendant Harris County's Motion to Dismiss), and respectfully requests that the Motion be denied.  In support, Harris County would respectfully show the Court as follows:

## I. INTRODUCTION

1.    Harris County incorporates by reference all arguments and authorities set forth in its Motion to Dismiss (DE 30), its Supplemental Brief (DE 33), and its Reply in Support of Harris County's Motion to Dismiss (DE. 40).

2.    Harris County filed a 30-page motion to dismiss in this case, setting out myriad reasons why this Court has no jurisdiction and why Plaintiffs have not shown *Monell*. Plaintiffs filed this Motion for Substitution and Leave to Amend one day before responding to Defendant's Motion to

Dismiss. Rather than defend the live pleading, Plaintiffs' motion (DE 36) is an attempt to keep this lawsuit alive by requesting to substitute unnamed heirs, promising future amendments, and asking the Court to postpone consideration of Harris County's fully briefed motion to dismiss. Plaintiff's request rests entirely on intentions, not facts. Plaintiffs' Motion (DE 36) should be denied and Harris County's Motion to Dismiss (DE 30) should be granted.

## II. THE COURT'S REVIEW IS LIMITED TO THE OPERATIVE COMPLAINT

3.      Plaintiff's Motion (DE 36) and briefing in Response to Harris County's Motion to Dismiss (DE38) rely not on the operative complaint but on promises of what they intend to plead in the future. Plaintiffs state they will identify heirs, they will assert *Monell* allegations, and they will add wrongful death claims. None of these allegations adequately appear in the First Amended Complaint, which remains the operative pleading.

4.      Under Rule 12(b)(6), the sufficiency of a complaint is measured solely by the allegations in the complaint itself, along with its proper attachments and documents incorporated by reference. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a motion to dismiss may rely only on the complaint and its proper attachments. … [The court] may not consider new factual allegations made outside the complaint, including those made on appeal."); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir.2006).

5.      The Fifth Circuit has emphasized that jurisdictional and pleading sufficiency questions are evaluated as of the complaint before the court, not based on speculative or future amendments. See *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (Rule 12 dismissal turns on "the complaint as filed"); see also *Whitmore v. Arkansas*, 495 U.S. 149, 155–56 (1990) (standing must exist at the time of filing - Article III standing is measured at the time of

filing, not based on speculative future events. If standing does not exist then, the court lacks jurisdiction and must dismiss.).

6.      Plaintiffs therefore cannot avoid dismissal by previewing allegations they may one day assert through their Motion for Substitution of Parties and Leave to Amend. Here, Plaintiffs speak in ambiguous terms and have not even put forth a proposed Second Amended Complaint for judicial consideration.

7.      Further, Rule 25 does not operate as a jurisdictional placeholder, and Rule 15 does not retroactively supply standing or capacity where none exists. The Court's task is to assess whether the operative complaint, which was filed before Mr. Underwood's death, states a claim within the Court's jurisdiction. It does not. This Court still lacks jurisdiction. Further, there is no legal authority that allows a Court to exercise jurisdiction based on claims a litigant has <u>not</u> pled, but which they promise they will plead at a future date.

8.      Plaintiffs, in DE 36, acknowledges the current complaint does not reflect the posture of the case following Mr. Underwood's death. They are seeking leave to file a "Second Amended Complaint" to realign parties and replead claims, including any *Monell* and wrongful death theories. This concession alone confirms that Plaintiffs' current operative pleadings fail to establish jurisdiction. By admitting the current complaint no longer matches reality, Plaintiffs are essentially conceding that their operative pleading doesn't state a justiciable case or controversy. Federal jurisdiction depends on the live complaint properly alleging facts and claims. If the operative pleading is defective on its face, as they acknowledge, then jurisdiction fails right now.

9.      As stated in DE 33 and DE 40 at 2, even before Mr. Underwood's death, this case had already become moot. As Harris County explained in its Supplemental Motion (DE 33), all pending criminal charges against Mr. Underwood were dismissed, and he was no longer in County

custody. At the time of Mr. Underwood's death, there were no ongoing issues of visitation, detention, or habeas relief for this Court to adjudicate. Any remaining allegations of *Monell* were not adequately pleaded. Rule 12(b)(1) and 12(b)(6) independently compel dismissal. Plaintiff's current motion for substitution provides no basis to disturb that conclusion.

### III. SUBSTITUTION UNDER RULE 25(A)(1) IS IMPROPER BECAUSE PLAINTIFF HAS FAILED TO PROVIDE EVIDENCE THAT A PROPER PARTY EXISTS

10.　　Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a)(1). This provision is narrow. It requires both (1) that the claim itself survives the decedent's death, and (2) that a "proper party" exists who has the legal capacity to be substituted. Plaintiffs satisfy neither requirement.

11.　　First, Plaintiffs have not pled a survival action under Texas law. Under Texas Civil Practice and Remedies Code § 71.021, only claims that survive death can be prosecuted by the estate. Those claims "survive to and in favor of the heirs, legal representatives, and estate of the injured person." *Id.* But critically, only the estate's duly appointed legal representative has standing to bring survival claims in court. See *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004) (Survival actions must be brought by the decedent's estate, and only the estate's legal representative has capacity to bring them.). Here, Plaintiffs' operative complaint contains no survival claim, no allegation that an estate has been opened, and no assertion that a legal representative has been appointed. Absent such allegations, the Court has no basis to find that any claim survives to a party properly before it.

12.　　Second, Plaintiffs' Rule 25 Motion is not ripe as it fails to identify a "proper party" for substitution. The Fifth Circuit has repeatedly held that the "proper party" for purposes of Rule 25(a)(1) is the legal representative of the decedent's estate. See *Pluet*, 355 F.3d at 383; see also *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850–52 (Tex. 2005) (under Texas law, standing to pursue survival actions belongs only to the estate's legal representative). Plaintiffs here have not

even alleged that Mr. Underwood's estate exists, much less that probate proceedings have begun or that a representative has been appointed by a court.

13.    The mere filing of a Suggestion of Death does not satisfy Rule 25. Substitution cannot proceed without a concrete, legally recognized representative to step into the litigation. Plaintiffs' request to substitute "unnamed heirs" or to amend later to identify parties is legally insufficient. Rule 25 does not serve as a jurisdictional placeholder. Plaintiffs' promises to identify heirs or representatives at some future date do not cure the jurisdictional defect before the Court.

14.    In short, Plaintiffs' Rule 25(a)(1) motion fails at every step. No survival claim has been adequately pleaded; no estate representative has been identified; and no proper party exists to substitute. As a matter of law, substitution cannot be granted under these circumstances. The motion must therefore be denied at this time.

## IV. LEAVE TO AMEND SHOULD BE DENIED

15.    Plaintiff also asks for leave to file a Second Amended Complaint to add *Monell* and wrongful death claims. That request should be denied.

16.    Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," but it may be denied for undue delay, repeated failure to cure deficiencies, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). A plaintiff has "pleaded [their] best case" after being apprised of deficiencies and afforded the opportunity to amend. *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017). Once a plaintiff has pleaded their best case, granting further leave to amend is not required. *Id.*

17.    Here, Plaintiffs have already amended once and concede their current pleading is obsolete. They now seek to add *Monell* and wrongful-death theories only in response to Harris County's

dispositive motion. But a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Willard*, 336 F.3d at 386–87 (quoting *Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

18.     Plaintiff, in its motion, makes cursory promises that a Second Amended Complaint will: "(1) Substitute and align the appropriate legal heirs and estate representatives as parties; (2) Replead facts supporting survival and wrongful death claims; (3) Incorporate newly developed facts related to the denial of family access, unlawful isolation, and custodial irregularities prior to Mr. Underwood's passing; and (4) Clarify and expand the bases for *Monell* and individual liability, including joining previously dismissed defendants as appropriate." (DE 36) The Motion, however, does not go beyond cursory statements, offers no discussion of factual allegation(s) that they intend to add or revise in any further amended pleading. The Plaintiffs have not provided a proposed Second Amendment. Plaintiff simply promises to expound on these allegations in the future. Courts in this Circuit routinely deny leave where plaintiffs merely state there is "room for improvement" but cannot articulate what specific allegations would cure dismissal. *Wiggins*, 710 F. App'x at 627; *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Here Plaintiffs have not alleged with specificity any allegations that would cure dismissal.

19.     Moreover, amendment would be futile. The jurisdictional defects in this case cannot be retroactively cured, and Plaintiffs' *Monell* and wrongful-death claims remain legally deficient for the reasons already shown. Futility under Rule 15 is determined by Rule 12(b)(6) standards; an amendment that would still fail to state a claim is properly denied. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000).

20.     Plaintiffs have already pleaded their best case. Further amendment would not cure jurisdictional deficiencies, would prejudice Harris County by prolonging litigation, and would waste judicial resources. The Court should therefore deny Plaintiffs' request for leave.

## V. CONCLUSION

21.     Plaintiffs' Motion (DE 36) rests on speculation, not law. Substitution is premature, amendment is futile, and delay would be prejudicial. This Court should deny Plaintiffs' Motion in full and dismiss all claims against Harris County with prejudice.

WHEREFORE, Harris County respectfully requests that the Court deny Plaintiffs' Motion (DE 36) and grant Harris County such other relief as justice requires.


Date:   August 18, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:     */s/ Joshua Green*
**JOSHUA GREEN**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24080915
Fed. Bar No. 1428074
Tel: (713) 274-5229 (direct)
joshua.green@harriscountytx.gov

**FRANK FORD**
Assistant County Attorney
ATTORNEY TO BE NOTICED
Federal ID No. 565385
State Bar No. 24012642
Tel: (832) 570-7582 (direct)
Frank.Ford@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT**
**HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Joshua Green*
JOSHUA GREEN