United States District Court
Southern District of Texas
**ENTERED**
September 17, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TONY UNDERWOOD, ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:25-CV-2089 |
| | § | |
| HARRIS COUNTY TEXAS, ET AL., | § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

Plaintiff, Tony Underwood, initiated this case on May 8, 2025 by filing an Emergency Petition for Writ of Habeas Corpus.[1]  ECF 1.  Plaintiff subsequently voluntarily dismissed claims against all Defendants other than Harris County.  ECF 15; ECF 27.   Now before the Court is Harris County's Motion to Dismiss for lack of jurisdiction and failure to state a claim.[2]  ECF 30 (as supplemented by ECF 33).  Also before the Court is "Plaintiffs' Rule 25(a)(1) Motion for Substitution of Parties, Leave to Amend Complaint, and Extension of Time to Respond to or to Moot Defendant Harris County's Motion to Dismiss."  ECF 36.  Having considered the parties' submissions and the law, the Court grants Defendant's Motion and denies Plaintiffs leave to file an Amended Complaint.

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  ECF 29.

[2] Harris County's prior Motion to Dismiss (ECF 19) is terminated as moot.

## I.    Background

Plaintiff was shot by a Houston Police on April 30, 2025.  He was taken to Ben Taub Hospital with life-threatening injuries.  He was placed under arrest, charged with aggravated assault of a public servant and other crimes in Case No. 191455201010 in the 248th Criminal District Court in Harris County, Texas, and placed on bond.  A police officer was posted outside Plaintiff's hospital room and visitors were not allowed.  Plaintiff filed this case seeking injunctive relief to allow visitation by family and counsel.  On June 5, 2025, the state court judge entered an order permitting family visitation, mooting that aspect of Plaintiff's claim for relief. The Harris County District Attorney dismissed all charges against Plaintiff on June 24, 2025.  Regrettably, Plaintiff died on or about July 18, 2025.  Harris County moves to dismiss all claims in this case for lack of jurisdiction and failure to state a claim.

## II.    Motion to Dismiss Standards

### A. Rule 12(b)(1)

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005).  The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

### B. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the presumption of truth to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

**A. Subject Matter Jurisdiction is determined based on the Amended Petition and Complaint.**

Plaintiff filed an "Emergency Petition for Non-Criminal-Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and § 2254" seeking release from "unlawful detention and restraint of liberty by a state actor." ECF 1.   Regardless of any flaws in the jurisdictional and legal basis for the Emergency Petition, that pleading is irrelevant to the Court analysis at this stage of the proceeding because subject matter jurisdiction is governed by Plaintiff's operative pleading in federal court.   *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025) (holding that federal subject matter jurisdiction depends on the substance of the operative pleading and/or the citizenship of the parties).   Plaintiffs' operative pleading is the "Amended Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2254 and 2241 and Complaint for Declaratory and Injunctive Relief Pursuant to 42 U.S.C. § 1983" (Amended Complaint) filed on June 1, 2025.   ECF 18.   The Amended Complaint adds Patricia Underwood as a Plaintiff, Harris County as a Defendant, and asserts claims pursuant to §§ 2254 and 2241 for unlawful confinement, as well as claims under § 1983 for violation of Tony Underwood's First, Fourteenth, Sixth, and Eighth Amendment rights and for violation of Patricia Underwood's First and Fourteenth Amendment rights.   *Id.*

4

### B. Harris County's Motion to Dismiss Plaintiffs' 28 U.S.C. §§ 2254 and 2241 claims is granted.

Plaintiffs' claims pursuant to §§ 2254 and 2241 must be dismissed because Tony Underwood is no longer in custody, both because of his death and because all charges again him were dismissed on June 24, 2025.  *See* 28 U.S.C. § 2241(c) (providing that the writ of habeas corpus extends only to prisoners in custody);28 U.S.C. § 2254(a) (providing that habeas relief may be granted only on the ground that petition is in custody illegally);*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the function of the writ of habeas corpus "is to secure release from illegal custody"); *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) (holding that the "sole function [of habeas corpus] is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose").

### C. Harris County's Motion to Dismiss Plaintiffs' 42 U.S.C. § 1983 claims is granted without prejudice to refiling.

Harris County argues that (1) only the state criminal court in Harris County has jurisdiction to adjudicate Plaintiffs' claims; (2) Plaintiffs' requested relief is moot; (3) Patricia Underwood does not have standing to pursue § 1983 claims on behalf of Tony Underwood because that right rests solely with a duly appointed representative of the estate; and (4) Plaintiffs have not stated a plausible claim for relief under *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978).  *See* ECF 30; ECF 40; ECF 42.   Plaintiffs argue that "[u]nder long-established federal law,

5

constitutional torts under 42 U.S.C. § 1983 survive the decedent," citing *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 391 (5th Cir. 1992).

Federal subject matter jurisdiction exists for civil rights claims related to a prisoner's conditions of confinement. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (holding district court can decide § 1983 claims improperly joined with habeas claims, citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987)). Nonetheless, "[c]ivil rights claims are not actionable in a federal habeas proceeding because the writ of habeas corpus provides a remedy only for prisoners challenging the 'fact or duration' of confinement and is not properly used as an avenue for relief from conditions of confinement." *Gonzalez v. Hall*, No. CV H-24-3562, 2025 WL 1593128, at *3 (S.D. Tex. June 5, 2025) (citations omitted). Where a petitioner files a petition for habeas relief and joins civil rights claims, a district court may dismiss the § 1983 claims without prejudice to refiling in a separate civil action. *Id.*; *see also Drakos v. Gonzalez*, No. CV H-24-531, 2024 WL 5238662, at *3 (S.D. Tex. Dec. 19, 2024) (dismissing civil rights claims without prejudice to refiling in a separate action "governed by 42 U.S.C. § 1983 and subject to provisions found in the PLRA" where petitioner attempted to raise claims concerning his conditions of confinement in a habeas corpus proceeding).

Dismissal without prejudice is the proper course of action here because it is impossible for the Court to grant the relief sought in the Amended Complaint. *See*

ECF 18 (seeking Tony Underwood's release from custody and declaratory and injunctive relief allowing "legal counsel, familial access, and pastoral support" to Tony Underwood). Therefore, Plaintiffs' currently pled claims are moot and must be dismissed. *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (holding that "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party" (citations omitted)).

In addition, the Court declines to grant leave to file an amended petition to correct the defects in the current Amended Petition seeking habeas relief. First, in a survival action the "recovery represents the injuries the decedent personally suffered." *Pluet v. Frasier*, 355 F.3d 381, 384 (5th Cir. 2004). As pointed out by Harris County, the proper party to bring any surviving constitutional claims on behalf of Tony Underwood is the duly appointed representative of his estate. *Id.* at 383-84 (holding that 42 U.S.C. § 1988 looks to state common to fill in "gaps in administration of civil rights suits" and the Texas Survival Statute "preserves a claim for the estate rather than creating a new cause of action for those surviving the decedent"). Plaintiffs have made no representation, in response to the Motion to Dismiss or in their Motion for Substitution, that Patricia Underwood is the duly appointed representative of Tony Underwood's estate. The Court takes no position as to whether Patricia Underwood, as Tony Underwood's mother, will be able to state claims for violation of her own constitutional rights or for Tony Underwood's

wrongful death.  However, no such claims are currently pled.  The operative pleading was filed before Tony Underwood's death and as stated above, seeks only hospital visitation rights.  Second, the Amended Complaint is entirely devoid of allegations that state a *Monell* claim against Harris County.  Plaintiff's current pleadings and briefing contain no allegations that would support a *Monell* claim even if leave to amend were granted.

In sum, the Court declines to consider Plaintiffs' civil rights claims in the context of the deceased Plaintiff's Amended Petition for Writ of Habeas Corpus. Plaintiffs paid only the $5.00 filing fee applicable to a writ of habeas corpus and thus dismissal will not cause forfeiture of the usual $405.00 civil filing fee.  The Court concludes that the appropriate course of action in this case is dismissal without prejudice to refiling an appropriate civil action as in *Drakos v. Gonzalez*, No. CV H-24-531, 2024 WL 5238662, at *3 (S.D. Tex. Dec. 19, 2024).

## IV.    Conclusion and Order

For the reasons set forth above, it is

ORDERED that Defendant's Motion to Dismiss is GRANTED.  This case is DISMISSED WITHOUT PREJUDICE to refiling as a civil rights action.

It is further

ORDERED that "Plaintiffs' Rule 25(a)(1) Motion for Substitution of Parties, Leave to Amend Complaint, and Extension of Time to Respond to or to Moot

Defendant Harris County's Motion to Dismiss" (ECF 36) is DENIED.


Signed on September 16, 2025, at Houston, Texas.


                                        Christina A. Bryan
                                United States Magistrate Judge